UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRANCH BANKING AND TRUST
COMPANY, a North Carolina banking
corporation, as successor-in-interest to
Colonial Bank by asset acquisition from
The FDIC as Receiver for Colonial Bank,

    Plaintiff,

vs.                                            CASE NO. 8:13-CV-1951-T-17MAP

JOMAR REAL INVESTMENTS, LLC,
SHIRLEY INVESTMENT PROPERTIES,
LLC f/k/a Shirley Investment Properties, Inc.,
WILLIAM B. SHIRLEY,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

This matter comes before the Court pursuant to Defendant JOMAR REAL INVESTMENTS', LLC ("Jomar"), SHIRLEY INVESTMENT PROPERTIES', LLC f/k/a Shirley Investment Properties, Inc. ("Shirley Investment Properties"), and WILLIAM B. SHIRLEY's ("W. Shirley") Motion to Dismiss the Second Amended Complaint, (Doc. # 38), filed December 18, 2013, and Plaintiff BRANCH BANKING AND TRUST COMPANY's ("Plaintiff") Response in Opposition (Doc. # 40), filed January 2, 2014. For the reasons set forth below, Defendants' Motion to Dismiss is DENIED.

### BACKGROUND AND PROCEDURAL HISTORY

On March 11, 2004, Jomar executed a loan agreement and commercial promissory note with Premier Community Bank of Florida. (Doc. # 36, ¶11–12). On April 4, 2006, Jomar executed a future advance promissory note with Plaintiff's predecessor-

in-interest Colonial Bank, id. at ¶13, and on January 19, 2007, Jomar executed a modified future advance promissory, modifying and replacing the terms and conditions of the future advance promissory note. Id. at ¶14. Soon thereafter, on April 24, 2007, Jomar executed a note modification agreement with Colonial bank, and a consolidated renewal promissory note and loan agreement on May 5, 2009. Id. at ¶¶15–17.

On July 29, 2013, Plaintiff filed a four-count Complaint. On September 10, 2013, Plaintiff filed its Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). On December 4, 2013, Plaintiff filed its Second Amended Complaint pursuant to Court order. (Doc. # 34; Doc. # 36). The causes of action included enforcement of the terms of the Renewal Note ("Count I"); enforcement of the terms of the Guaranties against Shirley Investment Properties, LLC ("Shirley Investment Properties") ("Count II"); enforcement of the terms of the Guaranties against William B. Shirley ("W. Shirley") ("Count III"); and foreclosure of the lien on the rents pursuant to the Mortgage and Assignment ("Count IV"). (Doc. # 36). Subsequently, on December 18, 2013, Defendants collectively filed their Motion to Dismiss the Second Amended Complaint and Plaintiff responded January 2, 2014.

## DISCUSSION

Generally, when multiple grounds are sought for dismissal—as is true in the case at bar—courts should address jurisdictional matters before reaching the merits of a plaintiff's claims. Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 940 (11th Cir. 1997).

### 1. Venue is Proper

Based on Federal Rule of Civil Procedure 12(b)(3), Defendants move this Court to dismiss the Plaintiff's causes of action for allegedly violating the forum selection clause—specifically, Plaintiff's election to pursue remedies in federal rather than state court in Pinellas County, Florida. The clause reads in pertinent part as follows:

> 14. <u>Litigation</u>. Any litigation between the parties brought in connection with this Note or concerning the subject matter hereof prior to closing of the Loan <u>shall</u> only be brought in Pinellas County, Florida.

(Doc. # 36-3, p. 4) (emphasis added). Defendants do not attack the legality, reasonableness, or enforceability of the forum selection clause, and, thus, this Court declines to address those issues.

Venue is proper in both federal and state court, and Plaintiff's election to pursue remedies in District Court does not violate the forum selection clause. To determine the validity of a forum selection clause, courts must determine whether the clause is permissive or mandatory. <u>Global Satellite Communications Co. v. Starmill U.K. Ltd.</u>, 378 F.3d 1269, 1272 (11th Cir. 2004). A permissive clause "merely authorizes jurisdiction in a designated forum and does not prohibit litigation elsewhere," whereas a mandatory clause "dictates exclusive forum for litigation under contract." <u>Id</u>. (citing <u>Snapper, Inc. v. Redan</u>, 171 F.3d 1260, 1262 n. 24 (11th Cir. 1999)). The clause at issue utilizes the imperative "shall," and, thus, mandates venue solely in Pinellas County, Florida. <u>See id</u>. (holding the use of the word "shall" in forum selection clauses is "most reasonably interpreted to mandate venue in [the selected county] and [that county] alone").

When a forum selection clause fails to designate the type of court, venue is proper in any court exercising jurisdiction over that county. See <u>Mosaic Fertilizer, LLC v. Van</u>

Fleet Intern. Airport Development Group, LLC, 486 Fed.Appx. 869, 872 (11th Cir. 2012) (holding venue is permissible in federal district court when forum selection clause designates the county but is silent to the type of court); see also City of West Palm Beach v. Visionair, Inc., 199 Fed.Appx 768, 770 (11th Cir. 2006). Local Rule 1.02(b)(4) designates the counties upon which the United States District Court, Middle District of Florida, Tampa Division, exercises jurisdiction, among which is Pinellas County. Accordingly, the forum selection clause mandates any party to the contract may bring suit in a federal or state court within Pinellas County, Florida, and the Defendants' Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(3) is **DENIED**.

### 2. Plaintiff's Second Amended Complaint States Claims Upon Which Relief May Be Granted

Under Federal Rule of Civil Procedure 8(a)(2), a plaintiff's complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim on which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "While a complaint attacked by a [Rule] 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide grounds of his [or her] entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (second alteration in original) (citation omitted) (internal quotation marks omitted).

On a Rule 12(b)(6) motion to dismiss, a court must "accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff."

Alvarez v. Attorney Gen. for Fla., 679 F.3d 1257, 1261 (11th Cir. 2012). Courts follow a two-pronged approached when considering a motion to dismiss: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)). If "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," then the claim meets the "plausibility requirement," but it requires "more than a sheer possibility" that the allegations are true. Id. "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned [...] accusation." Id. (quoting Twombly, 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265 (1986)).

In Count I of the Amended Complaint, Plaintiff asserts Defendant Jomar failed to timely provide financial statements described in Section 5.4, 5.8, and 5.11.1 of the Loan Agreement, violated Section IV(f) of the Initial Loan Agreement by transferring interest-ownership without Plaintiff's consent, and violated Section 8.1(i) of the Initial Loan Agreement via default judgment. (Doc. # 36). Defendants contend, albeit not timely, some of these documents were ultimately provided, that Defendants still substantially own the transferred interest through another corporation, and the default judgment was resolved in state court.

As is the standard in a motion to dismiss, this Court must accept the factual allegations as true and construed in a light most favorable to the Plaintiff. Alvarez, 679 F.3d at 1261. Construing the facts in this light, and eliminating the legal conclusions

5

contained in the Amended Complaint, Plaintiff has sufficiently pleaded factual allegations upon which relief is plausible to survive Defendants' Motion to Dismiss. Am. Dental Ass'n, 605 F.3d at 1290. Defendants implore the Court to dismiss the case because most documents were ultimately provided to Plaintiff, and additional documents will be provided upon receipt (Doc. # 38); however, there is no such provision under which Defendants may avail for providing the documents after the deadlines, nor have Defendants provided any authority—whether controlling or persuasive—to suggest this breach is not material.

Similarly, Defendants fail to provide any authority to suggest its violations of the Initial Loan Agreement and subsequent modifications and renewals are immaterial or not, in fact, breaches. Thus, as Defendants have failed to carry their burden for requesting dismissal of the Second Amended Complaint, the Court, required to construe the facts in a light most favorable to Plaintiff, finds for the purposes of Defendants' Motion to Dismiss that Plaintiff has more than a "sheer possibility" of prevailing against Defendants as pleaded, and, therefore, dismissal of Count I is **DENIED**.

Counts II and III of the Second Amended Complaint mirror Count I in part with respect to supplying certain documents in a timely manner—Count II alleges Defendant Shirley Investment Properties, as a guarantor of the lending agreements, failed to provide documents in accord with the loan agreements, and Count III alleges the same against Defendant W. Shirley. Defendants Shirley Investment Properties and W. Shirley contend albeit not timely, some of these documents were ultimately provided to Plaintiff.

As is the standard in a motion to dismiss, this Court must accept the factual allegations as true and construed in a light most favorable to the Plaintiff. Alvarez, 679 F.3d at 1261. Construing the facts in this light, and eliminating the legal conclusions

contained in the Second Amended Complaint, Plaintiff has sufficiently pleaded factual allegations upon which relief is plausible to survive Defendants', Shirley Investment Properties and W. Shirley, Motion to Dismiss. Am. Dental Ass'n, 605 F.3d at 1290.

Defendants Shirley Investment Properties and W. Shirley implore the Court to dismiss the case because most documents were ultimately provided to Plaintiff, and additional documents will be provided upon receipt. (Doc. # 38). However, there is no such protection under which Defendants may avail for providing the documents after the deadlines, nor have Defendants provided any authority—whether controlling or persuasive—to suggest this is not a material breach. The Court, required to construe the facts in a light most favorable to Plaintiff, finds for the purposes of Defendants' Motion to Dismiss that Plaintiff has more than a "sheer possibility" of prevailing against Defendants as pleaded, and, therefore, dismissal of Counts II and III is **DENIED**.

By virtue of the defaults considered in Count I of the Second Amended Complaint, in Count IV of the Second Amended Complaint, Plaintiff asserts a superior interest in, and request for foreclosure on, the rents of the mortgage. Defendants do not challenge the legality of this request, but rather the materiality of the breaches that trigger the foreclosure on the rents. For the reasons stated, supra, this Court finds Count IV sufficiently states facts that, when construed in a light most favorable to the Plaintiff, provide plausible entitlement to relief. Therefore, dismissal of Count IV is **DENIED**.

Accordingly, it is **ORDERED** that:

1.  Dismissal of Counts I–IV of the Second Amended Complaint is **DENIED**; and

2.  The Defendants shall have ten (10) days to answer the Second Amended Complaint.

CASE NO. 8:13-CV-1951-T-17MAP

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 4th day of March, 2014.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:   All Counsel and Parties of Record