UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRANCH BANKING AND TRUST
COMPANY, a North Carolina banking
corporation, as successor-in-interest to
Colonial Bank by asset acquisition from
The FDIC as Receiver for Colonial Bank,

    Plaintiff,

vs.                                                                                 CASE NO. 8:13-CV-1951-T-17MAP

JOMAR REAL INVESTMENTS, LLC,
SHIRLEY INVESTMENT PROPERTIES,
LLC f/k/a Shirley Investment Properties, Inc.,
WILLIAM B. SHIRLEY,

    Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR THE SEQUESTRATION OF RENTS, DENYING AS MOOT PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S SUPPLEMENTAL RESPONSE, AND DENYING AS MOOT DEFENDANT'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL RESPONSE**

This matter comes before the Court pursuant to Plaintiff BRANCH BANKING AND TRUST COMPANY's ("Plaintiff") Motion for Sequestration of Rents (the "Motion"), (Doc. # 9), filed August 22, 2013, Defendant JOMAR REAL INVESTMENTS, LLC's ("Jomar") Response in Opposition, (Doc. # 15), filed September 5, 2013, Jomar's Supplemental Response, (Doc. # 22), filed October 2, 2013, Plaintiff's Motion to Strike Jomar's Supplemental Response, (Doc. # 23), filed October 4, 2013, and Jomar's Motion for Leave to File Supplemental Response, (Doc. # 24), filed October 7, 2013. For the

reasons set forth below, the Plaintiff's Motion is **GRANTED**, and both Plaintiff's Motion to Strike and Defendant's Motion for Leave[1] are **DENIED** as moot.[2]

## BACKGROUND AND PROCEDURAL HISTORY

On March 11, 2004, Jomar executed a loan agreement, commercial promissory note, and assignment of rents with Plaintiff's predecessor-in-interest Premier Community Bank of Florida. (Doc. # 36, ¶¶11–12, 43). On March 15, 2004, Plaintiff's predecessor-in-interest recorded the loan agreement, commercial promissory note, and assignment of rents in the public records of Hillsborough County, Florida. Id. at ¶¶42, 43. On April 4, 2006, Jomar executed a future advance promissory note with Plaintiff's predecessor-in-interest Colonial Bank ("Colonial Bank"). Id. at ¶13. On April 10, 2006, Colonial Bank recorded the future advance promissory note in Hillsborough County. Id. at ¶42. On January 19, 2007, Jomar executed a modified future advance promissory note with Colonial Bank. Id. at ¶14. On January 25, 2007, Colonial Bank recorded the modified future advance promissory note in the public records of Hillsborough County, Florida. Id. at ¶42. On April 24, 2007, Jomar executed a note modification agreement with Colonial Bank modifying the terms of the modified future advance note. Id. at ¶15. On May 5, 2009, Jomar executed a consolidated renewal promissory note with Colonial Bank. Id. at ¶16. On May 6, 2009, Colonial Bank recorded the consolidated renewal promissory note in Hillsborough County, Florida. Id. at ¶42. On March 22, 2004, Premier Bank filed its

---

[1] Defendant has violated the Local Rules with respect to the sequestration of rents litigation twice. First, as Plaintiff correctly points out, Defendant filed a supplemental response that violated Local Rule 3.01(c), which forbids such filings without granted leave. Second, after Plaintiff moved to strike the supplemental pleading, Defendant moved the Court pursuant to Local Rule 3.01(d) for relief to file the supplemental pleading, only to exceed the three page requirement. The parties must comply with the Local Rules or face the perils associated with violations of same.

[2] The Court notes the arguments and defenses in this case are factually and legally similar to those presented in Plaintiff's companion case 8:13-CV-1952-T-17EAJ. Out of fairness and equity, the Court has considered the arguments contained in the supplemental responses of both Plaintiff and Defendant as applied to this case.

UCC Financing Statement with the Secretary of State of Florida, which was subsequently amended and filed May 1, 2006, and further amended and filed December 10, 2008. Id.

On July 29, 2013, Plaintiff filed a four-count Complaint. On September 10, 2013, Plaintiff filed its Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). On December 4, 2013, Plaintiff filed its Second Amended Complaint pursuant to Court order. (Doc. # 34; Doc. # 36). The causes of action included enforcement of the terms of the Renewal Note ("Count I"); enforcement of the terms of the Guaranties against Shirley Investment Properties, LLC ("Shirley Investment Properties") ("Count II"); enforcement of the terms of the Guaranties against William B. Shirley ("W. Shirley") ("Count III"); and foreclosure of the lien on the rents pursuant to the Mortgage and Assignment ("Count IV"). (Doc. # 36). On August 22, 2013, Plaintiff filed the subject Motion, (Doc. # 9), and Defendant responded September 5, 2013, and supplemented October 2, 2013. (Doc. ## 15, 22).

## DISCUSSION

Chapter 697 of the Florida Statutes controls instruments deemed mortgages and the nature of a mortgage. Federal courts must apply the substantive law of the forum state. Technical Coating Applicators, Inc., v. United States Fid. & Guar. Co., 157 F.3d 843, 844 (11th Cir. 1998). When a plaintiff brings suit to foreclosure her liens on a property, a court of competent jurisdiction may, upon motion from plaintiff, pending final adjudicating of the action, require the defendant to deposit collected rents into the registry of the court. Fla. Stat. § 697.07(4). To prevail, the plaintiff need only make a bare showing of a pending foreclosure action with an assignment of rents provision. Wane v. U.S. Bank, Nat. Ass'n, 128 So.3d 932, 934 (Fla. 2d DCA 2013). Before such collected rents are

deposited, however, a court may authorize the use of same to: (a) pay the reasonable expenses solely to protect, preserve, and operate the property, including real estate taxes and insurance; (b) escrow sums required by separate assignment of rents instruments; and (c) make payments to the mortgage. Fla. Stat. § 697.07(4)(a)–(c).

In Count III of Plaintiff's Amended Complaint, Plaintiff moves, under Florida Statutes §§ 697.01 and 697.07, to foreclose its lien on rents, issues, and profits derived from the property at issue in this litigation. As discussed above, Plaintiff has made the "bare showing" of the pending foreclosure; it filed and recorded the necessary paperwork to perfect its interest for a lien against the subject property and rents derived therefrom. Defendant challenges Plaintiff's Motion on multiple grounds, specifically that Plaintiff has not brought a foreclosure action, (Doc. # 15, p. 2), has not filed a "UCC-1" to lay claim as a valid first priority lien on the subject rents, (Doc. # 15, p. 3), and has not articulated a valid default, monetary or otherwise. (Doc. # 15, p. 5; Doc. # 22, p. 5).

Plaintiff has brought a foreclosure action via Count III of the Amended Complaint, in which Plaintiff specifically cites the aforementioned Florida Statutes §§ 697.01 and 697.07 as the basis. While Plaintiff may not have yet requested sale of the property to satisfy this foreclosure,[3] it is a foreclosure nevertheless. Further, while Defendant raised concerns regarding Plaintiff's priority with respect to liens, the rents are being sequestered by the Court in accord with Florida Statute § 697.07(4), rather than assigned and disbursed to Plaintiff in accord with Florida Statute § 697.07(3). Finally, while Defendant insists the alleged actions are not defaults, monetary or otherwise, the Court has reviewed the multiple motions to dismiss and concluded Plaintiff has met its burden

---

[3] Plaintiff did, however, request "such other and additional relief [the] Court may deem just and appropriate," which could include eventual sale of the subject property to satisfy the liens.

to survive the motions to dismiss. The Court's findings are reincorporated by reference, and the Court finds the alleged defaults meet the "bare showing" to permit sequestration of the rents. <u>Wane</u>, 128 So.3d at 934.

Accordingly, it is **ORDERED** that:

1. Plaintiff's Motion for Sequestration of Rents is **GRANTED**. Defendant, Jomar Real Investments, Inc., shall:
    (a) Deposit rents into the registry for the United States District Court for the Middle District of Florida, less the exceptions as outlined in <u>Florida Statute</u> § 697.07(4)(a)–(c), if any;
    (b) Provide Plaintiff with a certified rent roll reflecting all collected rents received from and expenses incurred for the preceding 12 months from the date of this Order for the subject property;
    (c) Provide Plaintiff with a monthly certified rent roll reflecting all collected rents received from and expenses incurred for the subject property; and
    (d) Provide Plaintiff with a receipt for each expense reflected on each certified rent roll.

2. Plaintiff's Motion to Strike Defendants' Supplemental Response in Opposition to Plaintiff's Motion for the Sequestration of Rents is **DENIED** as moot; and

3. Defendant's Motion for Leave to Supplement its Response in Opposition to Plaintiff's Motion for the Sequestration of Rents is **DENIED** as moot.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 10th day of March, 2014.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel and Parties of Record

5